By the Court. Bosworth, J.
The lot and premises, ISTo. 8 Barclay street, as well as the lot and premises, Fío. 10 Barclay street, are conveyed by metes and bounds. Each is twenty feet wide in front, on Barclay street, and no more. Each lot extends southwardly of the same width, the length of the strip of land or alley-way lying between these two lots. The alleyway is ten feet wide. The fee of the alley-way, and of the premises in'the rear, is not in the plaintiff, but in Meeks. The most that the owners of the lots 8 and 10 Barclay street can claim, under their deeds, is the right to an undisturbed use of *448 the whole vault in front of their buildings, and to have the second and upper stories, of the present buildings, and of any new buildings to be hereafter erected, overhang the alley-way; and that the alley-way shall be used as such, or for a purpose, which will not interfere more than such a use of it would, with the enjoyment of their premises.
Travis, by permission of the owner of the alley-way, and of the Corporation of the city of Hew York, has erected a lamp-post, surmounted with a lamp, within the limits of the alley-way, and near the curbstone of the street.
The object of this action is, to obtain a judgment of the court, that this lamp-post be removed; that Travis be perpetually enjoined from placing the same or any other within the limits of this alley-way;.that the other defendants be “perpetually enjoined” from placing any lamp-post within these limits, designed as and for a private lamp-post, without the assent of the owner of lot Ho. 8, Barclay street, and also from directing or assenting that the lamp-post in question be kept there without the assent of the plaintiff, or other owner of the premises.
All other relief prayed is subordinate to and dependent upon the right of the court to grant this.
Unless the plaintiff has a strict legal right, which is invaded by the erection and continuance of this lamp-post, this action cannot be sustained. Ho special damage is shown to have resulted from it. It is not proved to be in fact an annoyance, and of course is not proved to have been erected with intent to annoy him.
The complaint alleges that it is a serious annoyance to the present occupants, and to all in-goers and out-goers, and a material injury to the value of the plaintiff’s property, and as he believes an impediment to the leasing it to advantage, and he believes it was intended by Travis to vex and harass the plaintiff and his tenants.
This is expressly denied by the answer, and no proof was offered to establish the truth of the allegations.
Ho facts are alleged, from which, if proved or admitted, the court can see, that it is or might be injurious, except the averment that it is “ evidently so constructed as to reflect the light with full force upon the street door or entrance to the upper *449 part of the plaintiff’s house, mating it unduly and unpleasantly conspicuous, and interfering with the comfort of the occupants and others passing in and out.”
The answer denies that it was intended or so constructed as to effect this result, or that the alleged conspicuousness of plaintiff’s house, or any interference with the comfort of the occupants and others passing in and out, result from it.
There is no proof of the truth of these particular allegations, unless the court can say judicially, that a lamp of the form, size, construction, and with the number of lights belonging to this, prwna facie must work such consequences, and be presumed to have been constructed with such an intent.
The court, as I apprehend, will find it difficult without proof to say how the owner of a house can be injured, by having all the light thrown upon it, at any and all hours of the night, which can be furnished by a lamp of six burners. The mere fact of a residence or place of business being conspicuous cannot prima facie be deemed injurious. Hor can the fact, that it is very light in front of it after dark, be deemed prejudicial to its business, if lawful, as that of the plaintiff and his tenants must be presumed to be, as nothing to the contrary is shown by the evidence. There was no such evidence as would justify a jury in finding, that the displacement of the brick in the vault was occasioned by the erection of the lamp-post. The plaintiff did not call a witness to prove its condition at or prior to the time of erecting the lamp-post.
It is alleged to have been erected in October, 1850. The witness who proved that under the lamp-post was a hole about the size of a brick, swears to what he saw when he first examined the vault, which was about a year after the lamppost was erected.
How and when this hole was made he does not attempt to state.
It would seem to be clear that Travis, having the consent of the owner of the alley-way and the permission of the Corporation of the city of Hew York to erect the lamp-post, had a strict legal right to erect it.
The court that tried the cause, found as matter of fact that it was not a nuisance. There is no evidence justifying the infer *450 ence that it was an annoyance to the occupants of No. 8 Barclay street, or any injury to the premises.' The complaint was therefore properly dismissed as to Travis.
The city Corporation and its officers are made parties to obtain a judgment as against them, restraining them from hereafter permitting any lamp-post to be sunk within the limits ■ of the alley-way, and from directing or consenting to the existing one being kept where it is, without the assent of the plaintiff, or other owner of the premises, No. 8 Barclay street.
The court will not undertake to regulate in advance, the future exercise of discretion, by the body or officers to whom the regulation and superintendence of the lighting of the streets, are confided by law.
The complaint alleges that the lamp “ is not required in the street,” but does not aver that it does not tend in any respect to promote the public convenience. It does not allege that the commissioner of streets and lamps,” or “ the superintendent of lamps and gas,” did not deem it useful to the public, or give permission to erect it, with a view to any such consideration.
Admitting .all the averments in the complaint, which can properly be regarded as allegations of fact, to be true, it would not authorize the court to interfere with the action of these municipal officers, in this particular instance, in permitting the erection of this lamp-post.
They had a discretion to exercise in the matter, and although the court may have the power to review and control the exercise of this discretion in cases that may be supposed, there is not enough stated in the complaint to justify us in interfering in this instance.
We are of opinion that the judgment appealed from should be affirmed with costs.